IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA POLLI, | ) | |
| | ) | |
| Claimant, | ) | No. 17 C 1102 |
| | ) | |
| v. | ) | Jeffrey T. Gilbert |
| | ) | Magistrate Judge |
| NANCY A. BERRYHILL,[1] Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Claimant Linda Polli ("Claimant") is seeking review of a decision by Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner"), dismissing Claimant's request for a hearing on an application for disability insurance benefits ("DIB") under Title II of the Social Security Act. Pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, the parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment. [ECF No. 7]. This matter is now before the Court on the Commissioner's Motion for Reversal with Remand for further Administrative Proceedings ("the Commissioner's Motion"), [ECF No. 17]. For the reasons stated below, the Commissioner's Motion [ECF No. 17] is granted.

**I. BACKGROUND**

On June 17, 2010, Claimant filed an application for DIB, alleging an onset date of March 1, 2009. [ECF No. 1, ¶ 5; ECF No. 1-2 at 3]. The Commissioner denied the application at the

---

[1] On January 23, 2017, Nancy A. Berryhill became Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25, Berryhill is automatically substituted as the Defendant in this case. No further action is necessary to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

initial level on December 14, 2010.  [ECF No. 1, ¶ 5; ECF No. 1-2 at 3].  Then, on May 13, 2011, the Commissioner denied the application on reconsideration.  [ECF No. 1, ¶ 5; ECF No. 1-2 at 3].  Claimant did not appeal the denial on reconsideration.  [ECF No. 1, ¶ 5; ECF No. 1-2 at 3].

On November 1, 2012, which was more than two years after her date last insured, Claimant filed a second application for DIB.  [ECF No. 1, ¶ 6; ECF No. 1-2 at 2].  This time, Claimant alleged a disability onset date of October 1, 2009.  [ECF No. 1, ¶ 6].  On January 30, 2013, the Commissioner found Claimant not disabled at the initial level.  *Id.* ¶ 7; [ECF No. 1-2 at 2; ECF No. 1-3 at 17].  On June 11, 2013, the Commissioner found Claimant not disabled at the reconsideration level.  [ECF No. 1, ¶ 7; ECF No. 1-2 at 2; ECF No. 1-4 at 20].  Unlike with her first application, Claimant then requested a hearing.  [ECF No. 1-2 at 2].  She filed a request for a hearing on July 25, 2013.  *Id.*  On February 10, 2014, the Administrative Law Judge ("the ALJ") held the first hearing on Claimant's second application for DIB.  *Id.*  During the hearing, the ALJ admitted documents in Claimant's electronic claim file into evidence.  *Id.*  Medical experts and a vocational expert appeared but did not testify.  *Id.*  The ALJ held another hearing on May 16, 2014 during which he explained the concept of *res judicata* and asked Claimant's attorney to submit a written brief on the issue.  *Id.*  2–3.  Again, medical experts and a vocational expert appeared but did not testify.  *Id.* at 3.  The ALJ held the third and final hearing on May 6, 2015.  *Id.* at 3.  During this hearing, the ALJ admitted documents in Claimant's electronic file into evidence, and a medical expert and a vocational expert testified.  *Id.*  After the hearing, the ALJ held the record open to receive additional medical records and Claimant's written brief on the *res judicata* issue.  *Id.*

On September 24, 2015, the ALJ issued a Notice of Dismissal and an accompanying Order of Dismissal. *Id.* at 1–21. In the Order of Dismissal, the ALJ outlined the elements of the administrative *res judicata* doctrine and what Claimant had to show in order to establish that her second application should not be dismissed on the grounds of *res judicata*. *Id.* at 3–4, 6. Among other things, the ALJ explained that whether *res judicata* required dismissal would depend in part on whether Claimant had presented any new and material evidence. *Id.* at 3–4, 6. The ALJ then proceeded to conduct the normal five-step process for Social Security claims. *Id.* at 6–20. Based on this analysis, the ALJ concluded none of the new evidence submitted by Claimant was material. *Id.* at 21. The ALJ also addressed the other elements of *res judicata* and ultimately concluded the Order by saying, "Accordingly, the doctrine of *res judicata* applies, and the request for hearing dated July 25, 2013 is dismissed." *Id.* On December 13, 2016, the Appeals Council denied Claimant's request for review of the ALJ's dismissal. [ECF No. 1-1].

## II. DISCUSSION

The denial on reconsideration of Claimant's application that was filed in 2010 became a final decision when she did not request a hearing. 20 C.F.R. § 404.921. Social Security regulations incorporate an administrative *res judicata* doctrine. *Keith v. Barnhart*, 473 F.3d 782, 784 (7th Cir. 2007). In particular, 20 C.F.R. § 404.957(c)(1) permits an ALJ to dismiss a request for a hearing when he decides "the doctrine of *res judicata* applies" because the Commissioner has "made a previous determination or decision . . . on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action." 20 C.F.R. § 404.957(c)(1). An ALJ's decision "to apply administrative *res judicata* is a discretionary one not subject to judicial review." *Johnson v. Sullivan*, 936 F.2d 974, 976 (7th Cir. 1991).

The Commissioner concedes that the ALJ erred in dismissing Claimant's request for a hearing on *res judicata* grounds. [ECF No. 17, ¶ 1; ECF No. 18, at 2–4]. In her first application, Claimant alleged disability due to, among other things, stage 2 colon cancer. [ECF No. 1-2 at 7]. On July 20, 2015, the Commissioner revised the criteria it uses to evaluate claims involving cancer (malignant neoplastic diseases). 80 Federal Register 28821-01. That means that, as the Commissioner again concedes, there was a change in a relevant regulation between the denial of Claimant's first application and the ALJ's dismissal of her July 25, 2013 request for a hearing. [ECF No. 18, at 2–4]. The Social Security Administration's Hearings, Appeals, and Litigation Law Manual ("HALLEX") provides that an ALJ may not dismiss a request for a hearing based on *res judicata* "when there has been a change in a statute, regulation, ruling or legal precedent that was applied in reaching the final determination or decision on the prior application" because, in that instance, a "new adjudicative standard exists and the issues cannot be considered the same as the issues in the prior case." HALLEX I-2-4-40(k).[2] Although the Commissioner admits the ALJ's decision should be reversed and this matter remanded for further administrative proceedings [ECF No. 17, ¶ 1; ECF No. 18, at 3], the parties are not in complete agreement concerning the scope of the remand, which is why the Court is issuing this Memorandum Opinion and Order.

1.      **The Commissioner Did Not Reopen the Denial of Claimant's First Application.**

The parties first dispute whether the Commissioner is precluded from dismissing Claimant's request for a hearing on her second application based on *res judicata* because the decision on Claimant's first application was reopened. Reopening is "a creature of regulation."

---

[2] HALLEX is "a non-binding guide that courts look to as a guide for procedural rules in social security cases." *McDavid v. Colvin*, 2017 WL 902877, at *2 (N.D. Ill. Mar. 7, 2017) (quoting *DiRosa v. Astrue*, 2012 WL 2885112, at *5 (N.D. Ill. July 13, 2012)).

*McLachlan v. Astrue*, 703 F. Supp. 2d 791, 799 (N.D. Ill. 2010). The Social Security Act does not provide for the reopening of closed proceedings, and reopening thus is governed solely by the regulations promulgated by the Commissioner that permit reopening. *See Bolden for Bolden v. Bowen*, 868 F.2d 916, 917 (7th Cir. 1989). The regulations "dictate when, how, and for what reasons the Commissioner may reopen a claim." *Gray v. Colvin*, 2015 WL 5092606, at *2 (D. Or. Aug. 27, 2015); *see also Clayton v. Comm'r of Soc. Sec.*, 2016 WL 8708309, at *5 (E.D. Mich. May 20, 2016), *report and recommendation adopted in part*, 2016 WL 5402963 (E.D. Mich. Sept. 28, 2016). In other words, the Commissioner has no authority to reopen a decision if the regulatory requirements are not met. *See Glazer v. Comm'r of Soc. Sec.*, 92 F. App'x 312, 315 (6th Cir. 2004); *Coates on Behalf of Coates v. Bowen*, 875 F.2d 97, 100 (7th Cir. 1989); *Downs v. Comm'r of Soc. Sec.*, 2016 WL 674851, at *6 (E.D. Mich. Jan. 28, 2016), *report and recommendation adopted*, 2016 WL 652354 (E.D. Mich. Feb. 18, 2016); *Medvrich v. Colvin*, 2015 WL 58925, at *2 (E.D. Mo. Jan. 5, 2015); *McLachlan*, 703 F. Supp. 2d at 799. Although judicial review of whether the Commissioner should reopen a decision is very limited, a court may determine if the Commissioner actually has reopened a decision. *Alfreds v. Colvin*, 618 F. App'x 289, 290 (7th Cir. 2015); *Strietelmeier v. Berryhill*, 2017 WL 4250860, at *3 (N.D. Ind. Sept. 25, 2017); *Ritchie v. Berryhill*, 2017 WL 3947541, at *4 (N.D. Ind. Sept. 8, 2017).

As already stated, Social Security regulations provide that a determination or decision that "is otherwise final and binding may be reopened." 20 C.F.R. § 404.987. The Commissioner may reopen the determination or decision "on [her] own initiative" or a claimant "may ask that" it be reopened. *Id.* Within 12 months of the date of the notice of the initial determination, the Commissioner may reopen a determination or decision for any reason. *Id.* § 404.988(a). Within four years of the date of the notice of the initial determination, the Commissioner may reopen a

determination or decision if the Commissioner finds there is "good cause" for doing so. *Id.* § 404.988(b). The Commissioner will find that good cause exists only where (1) "new and material evidence is furnished," (2) there was a "clerical error in the computation or recomputation of benefits," or (3) "the evidence that was considered in making the determination or decision clearly shows on its face that an error was made." *Id.* § 404.989(a). At any time, the Commissioner may reopen a determination or decision for other reasons, none of which Claimant argues applies in this case. *Id.* § 404.988(c).

Claimant says the filing of her second application reopened her first application because she alleged an onset date that fell within the period at issue in her first application. In making this argument, Claimant relies on the Program Operations Manual System ("POMS"), which is a non-binding internal guidebook used by the Commissioner that has no legal force. *Jackson v. Colvin*, 2016 WL 3087056, at *2 (N.D. Ill. May 31, 2016). In the section of POMS that Claimant cites, however, the guidebook only addresses "how reopening issues may arise" and simply says reopening should be "consider[ed]" when a denied claimant files a subsequent claim and alleges an onset of disability in the period adjudicated by the prior denial determination. POMS DI 27501.005. No provision of the cited section supports the proposition that the mere filing of such a subsequent claim automatically reopens a decision on a prior application. *See also* POMS DI 27501.001 (discussing the necessary conditions for reopening a final determination). The wording of the relevant Social Security Regulation makes it clear that only the Commissioner has the authority to reopen a prior decision, not a claimant. *See* 20 C.F.R. § 404.987. Moreover, the notion that the filing of an application always reopens a prior decision when the new application implicates a period of time at issue in the prior application is

inconsistent with the established principle that reopening can occur only when the standards set forth in the Social Security regulations are satisfied.

Claimant next asserts the Commissioner reopened the decision on her first application while considering her second application at the administrative level (*i.e.*, at the initial and reconsideration levels). As noted above, at the initial and reconsideration levels on Claimant's first application, the Commissioner did not raise *res judicata* but, rather, found Claimant was not disabled. Claimant contends the Commissioner's decision to reach the merits of his second application at the administrative level precludes the ALJ from later relying on *res judicata* to dismiss the request for a hearing on that application. But courts have "expressly rejected the argument that a reopening of a prior final decision can occur at a lower level of staff agency review and estop the ALJ and in turn the Commissioner from asserting *res judicata* and refusing to consider a second application.'" *Ritchie v. Berryhill*, 2017 WL 3947541, at *4 (N.D. Ind. Sept. 8, 2017) (quoting *Cash v. Barnhart*, 327 F.3d 1252, 1257, n.9 (11th Cir. 2003)).

The Court is not convinced the Commissioner even had the authority at the administrative level to reopen its decision on the first application. More than a year had elapsed between the notice of the denial of Claimant's first application and the filing of the second, meaning the first denial could not be reopened "for any reasons." 20 C.F.R. § 404.988(a). None of the reasons that allow reopening "at any time" applies in this case. 20 C.F.R. § 404.988(c). There is no indication that the Commissioner found at the administrative level that there was good cause to reopen Claimant's application. *See id.* § 404.988(b). In fact, the Commissioner's decision to deny Claimant's second application is inconsistent with the idea that Claimant furnished "new and material evidence" or that the evidence showed "on its face that an error was made" in denying the first application. *Id.* Because the relevant regulatory requirements were

7

not satisfied, the Commissioner could not and did not reopen the decision on Claimant's first application by considering the merits of her second application.

Claimant's last argument is that, at the hearing level, the ALJ reopened her first application because he supposedly rendered a decision on the merits of Claimant's second application in the Order of Dismissal. Claimant is correct that the Commissioner may constructively reopen a decision if the Commissioner reviews the entire record and renders a decision on the merits of the first application. *Adams v. Colvin*, 2014 WL 4961590, at *2 (N.D. Ill. Oct. 3, 2014); *Hussain v. Comm'r of Soc. Sec.*, 2014 WL 4230585, at *11 (S.D.N.Y. Aug. 27, 2014), *report and recommendation adopted*, 2014 WL 5089583 (S.D.N.Y. Sept. 25, 2014); *Vaswani v. Barnhart*, 2006 WL 2347825, at *3 (S.D.N.Y. Aug. 15, 2006). Claimant's argument, however, runs into two problems. The first is that the ALJ explicitly stated in the Order of Dismissal that he was dismissing Claimant's request for a hearing on *res judicata* grounds. [ECF No. 1-2, at 21]. Consistent with that basis, the ALJ sent Claimant a Notice of Dismissal, not a Notice of Decision. *Id.* at 1. Therefore, the ALJ did not render a decision on the merits of Claimant's first application. *See Trulson v. Comm'r, Soc. Sec. Admin.*, 319 F. App'x 635, 636 (9th Cir. 2009) ("Rather, the ALJ decided Trulson's *second* benefits application solely on the basis of res judicata.").

The Court understands Claimant's position that the ALJ expended significant resources to develop the record concerning her second application and discussed the merits of the application in the Order of Dismissal. It seems the ALJ may have done so out of a belief that the analysis was necessary to determine whether the new evidence identified by Claimant was material, which would have impacted whether *res judicata* should apply. Indeed, HALLEX appears to envision that the determination of whether there is new and material evidence could

be an involved inquiry that requires consideration of prior evidence and even a new hearing. HALLEX I-2-4-40. In any event, however, what matters is that the ALJ did not render a decision on the merits of Claimant's first application in the Order of Dismissal.

The second flaw with Claimant's argument is that, just like at the administrative level, the Commissioner lacked the authority to reopen Claimant's application at the hearing level. Once again, none of the reasons that allow reopening "at any time" applies in this case under 20 C.F.R. § 404.988(c). Claimant's request for a hearing on her second application came more than two years after the denial of her first application on reconsideration, and the ALJ did not issue the Order of Dismissal until more than four years after that denial on reconsideration. As such, the ALJ never had the authority to reopen the denial of Claimant's first application for "any reason." 20 C.F.R. § 404.988(a). By the time the ALJ issued the Order of Dismissal, he even lacked the authority to reopen the denial for "good cause." *Id.* § 404.988(b). In any event, the ALJ's Order of Dismissal clearly indicates he did not find that good cause existed. The ALJ explicitly said there was not new and material evidence, and the discussion throughout the Order is inconsistent with the proposition that the evidence showed "on its face that an error was made" in denying the first application. [ECF No. 1-2 at 2–21]. There is no basis for concluding the ALJ found that a clerical error within the meaning 20 C.F.R. § 404.988(b) was made, and Claimant does not argue one was made. Therefore, the ALJ had no authority to reopen the denial of Claimant's first application.

For all of these reasons, the Court rejects Claimant's argument that the Commissioner reopened the denial of his first application and that this reopening precludes the Commissioner from dismissing his second application on the basis of *res judicata*.

**2. The Court Will Not Remand This Matter for Consideration of All Issues Raised in Both Claimant's First and Second Applications.**

9

Claimant says the Court should remand this matter for a reconsideration of all issues for the period October 1, 2009 through the present. Claimant's first argument is that the Court should order the Commissioner to reopen the first application on remand. Claimant has not cited any authority to support the proposition that the Court has the authority to order the Commissioner to reopen a case. To the contrary, the decision to reopen a determination or decision is left to the Commissioner's discretion and is not subject to judicial review, unless a colorable constitutional claim is at issue. *Boeck v. Berryhill*, 2017 WL 4357444, at *7 (E.D. Wis. Sept. 30, 2017); *Strietelmeier*, 2017 WL 4250860, at *3; *Ritchie*, 2017 WL 3947541, at *4.

Claimant also argues the Commissioner improperly wants to restrict remand to the issue of whether Claimant satisfies the updated listing for Cancer (Malignant Neoplastic Diseases). Claimant's concern seems to be motivated by a proposed order that the Commissioner's counsel emailed to the Court, copied to Claimant's counsel, that defined the scope of remand in that manner. The Commissioner makes clear in its reply brief, though, that the Commissioner is not opposed to "conduct[ing] a full review of Plaintiff's claim," if necessary, on remand. [ECF No. 25 at 2]. The Commissioner proposes that the Appeals Council should make a determination of whether the record supports a finding of disability and, if it does not award benefits, the Appeals Council should remand the matter to the ALJ to develop the record appropriately and go through the five-step sequential analysis. *Id.* Claimant does not offer any compelling reason why this is not a prudent way to proceed on remand.[3] Accordingly, this case will be remanded to the Appeals Council with the direction proposed by the Commissioner. The Appeals Council should determine whether the record supports a finding of disability and, if it does not award benefits,

---

[3] To be clear, the Court is not now deciding what effect, if any, *res judicata* could or should have when the Commissioner reviews Claimant's second application on remand.

then the Council should remand to the ALJ to develop the record and conduct the appropriate analysis.

### 3. The Court Will Not Now Decide Whether Claimant is Disabled Under the Social Security Act.

Claimant's last argument is that, if the Court is not going to remand this matter for a review of Claimant's first and second applications, the Court should not remand the case at all. Instead, the Claimant says, the Court should deem the ALJ's Order of Dismissal to be an unfavorable decision and review that decision on the merits. In essence, Claimant is asking the Court to determine in the first instance whether Claimant is disabled under the Social Security Act by considering the merits of her second application. Claimant makes this request even though the Commissioner has not rendered any decision on the merits of that application. Claimant's only justification for this novel procedural approach to the resolution of a Social Security application is that it will be more convenient for Claimant not to have to pursue her case on remand and then, if the Commissioner does not grant her benefits, have to file another case in the district court. The Court will not accept Claimant's invitation, unsupported by any legal authority, to distort the Court's role in reviewing social security determinations by forming an entirely new procedure for resolving her social security claim that finds no basis in the Social Security Act.

Judicial review of decisions by the Commissioner is limited to the circumstances detailed in 42 U.S.C. § 405(g). *Bello v. Comm'r of Soc. Sec.*, 460 F. App'x 837, 839 (11th Cir. 2012); *Vertullo v. Colvin*, 89 F. Supp. 3d 756, 761 (W.D. Pa. 2015). Under that provision, a court only may review a final decision of the Commissioner. 42 U.S.C. § 405(g); *Bello*, 460 F. App'x at 839 (11th Cir. 2012); *Cash*, 327 F.3d at 1255. An ALJ's decision to dismiss an application based on *res judicata* is not a final decision. *Rumsey v. Barnhart*, 50 F. App'x 789, 790 (8th Cir.

2002); *Holland v. Heckler*, 764 F.2d 1560, 1562 (11th Cir. 1985); *Vertullo*, 89 F. Supp. 3d at 761; *Needham v. Astrue*, 2014 WL 4983653, at *7 (D. Or. Oct. 6, 2014); *Butler v. Astrue*, 2009 WL 3648277, at *4 (E.D.N.C. Nov. 3, 2009). That means courts lack subject matter jurisdiction to review a dismissal based on *res judicata* unless a claimant asserts a colorable constitutional challenge, which Claimant has not done in this case. *Collins v. Colvin*, 645 F. App'x 305, 306 (5th Cir. 2016); *Bowens v. Barnhart*, 101 F. App'x 93, 94 (6th Cir. 2004); *Dudley v. Apfel*, 2 F. App'x 61, 62 (1st Cir. 2001). Therefore, the Court does not have jurisdiction to conduct the type of review of the ALJ's Order of Dismissal that Claimant proposes.

### III. CONCLUSION

For the reasons stated above, the Commissioner's Motion for Reversal with Remand for further Administrative Proceedings [ECF No. 17] is granted. The decision of the Commissioner is reversed, and the case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

It is so ordered.

/s/ Jeffrey T. Gilbert
United States Magistrate Judge

Dated: December 27, 2017